IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON POLLAK,

    Plaintiff,

v.                                                                          No. 1:24-cv-00494-JMC-JFR

LILLIAN MCKENZIE STRONG,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    Plaintiff, who is proceeding *pro se*, filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed May 20, 2024 ("Complaint"). United States Magistrate Judge John F. Robbenhaar notified Plaintiff that the 143-page Complaint, due to its length, does not provide sufficient notice to Defendants for preparing their defenses and ordered Plaintiff to file an amended complaint not exceeding 50 pages. *See* Order for Amended Complaint at 2, 5, Doc. 5, filed May 22, 2024.

    Plaintiff filed a 114-page Amended Complaint and Motion to Reconsider Limitation of Pages. *See* Doc. 6, filed June 6, 2024; Doc. 7, filed June 6, 2024. Judge Robbenhaar denied the Motion to Reconsider Limitation of Pages and ordered Plaintiff to file a second amended complaint not exceeding 50 pages. *See* Order for Second Amended Complaint, Doc. 18, filed August 6, 2024.

    The original Complaint and the Amended Complaint named three Defendants: (i) Lillian Strong, who is proceeding *pro se*; (ii) the Second Judicial District Court, Bernalillo County, State of New Mexico; and (iii) the Third Judicial District Court, Dona Ana County, State of New Mexico. The Second Judicial District Court and the Third Judicial District Court are the "Court Defendants."

The Court Defendants filed a Motion to Dismiss the *Amended* Complaint on August 8, 2024.  *See* Court Defendants' Motion to Dismiss, Doc. 19.  Plaintiff subsequently filed his Second Amended Complaint.  *See* Doc. 22, filed August 27, 2024.  The Court denies the Court Defendants' Motion to Dismiss the Amended Complaint as moot because the Second Amended Complaint supersedes the Amended Complaint.  *See Franklin v. Kansas Dept. of Corrections*, 160 Fed.Appx. 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect")  (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991)) (unpublished cited for persuasive authority only).

Plaintiff filed a Motion stating he "does not wish to proceed with further litigation" against the Court Defendants and asking to remove the Court Defendants from this case.  Motion to Remove the Court Defendants from this Cause of Action, Doc. 23, filed August 28, 2024.  The Court denies Plaintiff's Motion to Remove the Court Defendants as moot because the Second Amended Complaint, which is the operative complaint in this case, does not assert claims against the Court Defendants.  *See May v. Segovia*, 929 F.3d 1223, 1229 (10th Cir. 2019) ("The amended complaint, as the operative complaint, supersedes the original complaint's allegations but not its timing").

Prior to filing his Second Amended Complaint, Plaintiff filed a motion asking that "all judges affiliated with or employed by the [United States District Court for the District of New Mexico] Albuquerque Courthouse be recused." Motion to Recuse All Judiciaries at the Albuquerque Courthouse in the United States District Court of New Mexico, Doc. 21, filed August 23, 2024.  The thrust of Plaintiff's motion is that because various of his complaints are directed at state court judges and employees, allowing the United States District Judges sitting in Albuquerque to hear the case would create an appearance of impropriety—presumably because

2

one of the state court employees, Fernando Solano, is now employed as a Case Administrator in the Clerk's Office of the United States District Court for the District of New Mexico in Albuquerque.

The Court denies Plaintiff's motion. First, Plaintiff no longer seeks relief against the Court Defendants or their employees. Thus, the basis upon which Plaintiff seeks to recuse the United States District Judges sitting in Albuquerque no longer exists. Second, Plaintiff has not cited and the Court is not aware of any legal authority showing that this Court[1] has the authority to disqualify, in blanket fashion, all of the United States District Judges that sit in Albuquerque. *See* D.N.M.LR-Civ. 7.3(a) ("A motion . . . must cite authority in support of the legal positions advanced"). For these reasons, the Court denies Plaintiff's Motion to Recuse the Judges of the District of New Mexico in Albuquerque because Plaintiff is no longer asserting claims against the Court Defendants and Plaintiff has not cited any legal authority regarding the undersigned's authority to disqualify those Judges.

Plaintiff filed a Motion to Dismiss the counterclaim of the only Defendant in this case, Lillian Strong. *See* Motion to Dismiss with Prejudice Defendant's Nonconforming and Frivolous Counterclaim, Doc. 24, filed August 30, 2024. The Court denies Plaintiff's Motion to Dismiss Defendant Strong's Counterclaim as moot because Plaintiff has filed an Amended Motion to Dismiss Defendant Strong's Counterclaim to correct an error in his original Motion to Dismiss Defendant Strong's Counterclaim. *See* Amended Motion to Dismiss with Prejudice Defendant's Nonconforming and Frivolous Counterclaim, Doc. 25, filed August 31, 2024.

---

[1] Plaintiff makes no suggestion that the undersigned, a Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting outside of Albuquerque, New Mexico, has a duty to recuse from this matter.

3

The Court denies Plaintiff's Amended Motion to Dismiss Defendant Strong's Counterclaim. Plaintiff states:

> Mrs. Strong has repeatedly been determined by law enforcement officers, detectives, and Judges within the Second and Third Judicial District Courts, to be a known perjurer and user of aliases *in order to avoid the legal consequences* of her numerous false police reports and fraudulent frivolous court filings within the criminal and civil justice systems.
>
> As has been her modus operandi, in both of these Courts for the past 4 years, Mrs. Strong has filed a similarly fraudulent and demonstrably false and frivolous libelous document as her "Counterclaim" with this Honorable Court. Her Counterclaim, has no foundation in law, no COA, and is designed to harass, embarrass and delay. Strong's claim makes countless fabricated allegations which are devoid of facts and truths, inclusive of her assertion of not being a longtime resident of Las Cruces, New Mexico, but rather of Alabama. Accordingly the false address she provide the Court is absolutely not valid, nor are any of her other unsworn statements, allegations and the entire filing itself.
>
> Lillian Strong's Counterclaim lacked the required elements, pursuant to FED. F. Civ. P. 10(a)(b), 11(a), (b)(1)2)(3)(4), and FED. R. Civ. P. 13(a)(1).

[sic] Amended Motion to Dismiss Defendant Strong's Counterclaim at 2-3 (emphasis in original).

Plaintiff's assertions that the allegations in Defendant Strong's Counterclaim are false do not provide a basis to grant the Amended Motion to Dismiss Defendant Strong's Counterclaim. The Court "must accept all ... well-pleaded allegations as true and view them in the light most favorable to" Defendant Strong. *E.W. v. Health Net Life Ins. Co.*, 86 F.4th 1265, 1280 (10th Cir. 2023). Furthermore, Plaintiff's Motion to Dismiss Defendant Strong's Counterclaim does not comply with the District of New Mexico's Local Rules of Civil Procedure which require that a "motion must . . . state with particularity the grounds" for the relief sought and "must cite authority in support of the legal positions advanced." D.N.M.LR-Civ. 7.1(a), 7.3(a). Plaintiff asserts that Defendant Strong's Counterclaim fails to state a claim upon which relief can be granted. *See* Amended Motion to Dismiss Defendant Strong's Counterclaim at 2 (stating the Counterclaim "has no foundation in law"). Plaintiff does not state why the Counterclaim fails to state a claim, nor

4

does he cite any legal authority in support of his Motion. Plaintiff also makes the vague statement that the Counterclaim lacks elements required by various Federal Rules of Civil Procedure but does not identify which required elements are lacking. "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). For these reasons, Plaintiff's Motion to Dismiss Defendant Strong's Counterclaim is without merit.

The Court Defendants' Motion to Dismiss, Doc. 19, filed August 8, 2024, is **DENIED.**

Plaintiff's Motion to Remove the Court Defendants from this Cause of Action, Doc. 23, filed August 28, 2024, is **DENIED.**

Plaintiff's Motion to Recuse All Judiciaries at the Albuquerque Courthouse in the United States District Court of New Mexico, Doc. 21, filed August 23, 2024, is **DENIED.**

Plaintiff's Motion to Dismiss with Prejudice Defendant's Nonconforming and Frivolous Counterclaim, Doc. 24, filed August 30, 2024, is **DENIED.**

Plaintiff's Amended Motion to Dismiss with Prejudice Defendant's Nonconforming and Frivolous Counterclaim, Doc. 25, filed August 31, 2024, is **DENIED.**

**IT IS SO ORDERED.**

/s/ Joel M. Carson III
**JOEL M. CARSON III**
**UNITED STATES CIRCUIT JUDGE**
**Sitting by Designation**