IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON POLLAK,

    Plaintiff,

v.                                                      No. 1:24-cv-00494-JMC-JFR

LILLIAN MCKENZIE STRONG,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *pro se* Plaintiff's:

(i)     Third Amended Cause of Action for Violation of Due Process and Equal Protection Under 42 U.S.C. § 1983, Doc. 34, filed October 14, 2024 ("Third Amended Complaint");

(ii)     Motion to Remedy the Appearance of Bias due to Judicial Conflict of Interest, Doc. 35, filed October 15, 2024 ("Second Motion for Recusal");

(iii)     Motion for Sanctions for Frivolous Counter-Claim, Pursuant to Fed. R. Civ. P. 11(c)(2)(4) for Numerous Violations of Fed. R. Civ. P., Doc. 36, filed October 15, 2024 ("Motion for Sanctions");

(iv)     Motion to Dismiss with Prejudice Lillian Strong's Frivolous Counterclaim, Doc. 38, filed October 23, 2024 ("Motion to Dismiss Counterclaim"); and

(v)     Motion for Chief Judge William P. Johnson's Recusal of All New Mexico District Court Judges in Albuquerque's Courthouse, Doc. 39, filed October 25, 2024 ("Third Motion for Recusal").

Lillian McKenzie Strong, the sole Defendant in this case who is proceeding *pro se*, has not filed responses opposing Plaintiff's Motions.

**Plaintiff's Second and Third Motions for Recusal**

This case arises from proceedings in state court. The original Complaint and the Amended Complaint named three Defendants: (i) Lillian Strong; (ii) the Second Judicial District Court, Bernalillo County, State of New Mexico; and (iii) the Third Judicial District Court, Dona Ana County, State of New Mexico. *See* Doc. 1, filed May 20, 2024; Doc. 6, filed June 6, 2024. The Second Judicial District Court and the Third Judicial District Court are the "Court Defendants." The Court granted Plaintiff's and the Court Defendants' Stipulation for Dismissal of Court Defendants, Doc. 40, filed November 8, 2024, and dismissed with prejudice "all claims asserted by Plaintiff against Court Defendants." Doc. 41, filed November 8, 2024. Consequently, Lillian Strong is the sole Defendant remaining in this case.

Plaintiff's First Motion for Recusal was based on the fact that Fernando Solano, who was an employee of Defendant Second Judicial District Court, is now an employee of the Clerk's Office of the United States District Court for the District of New Mexico. *See* First Motion for Recusal, Doc. 21, filed August 23, 2024. Plaintiff subsequently filed a Second Amended Complaint, Doc. 22, filed August 27, 2024, which did not assert claims against the Court Defendants and a Motion to Remove the Court Defendants, Doc. 23, filed August 28, 2024. The Court denied Plaintiff's First Motion for Recusal "because Plaintiff is no longer asserting claims against the Court Defendants and Plaintiff has not cited any legal authority regarding the undersigned's authority to disqualify [the Judges of the District of New Mexico in Albuquerque]." Mem. Op. and Order at 3, Doc. 37, filed October 16, 2024.

2

Plaintiff's Second Motion for Recusal seeks recusal of all the United States Judges in the Albuquerque courthouse on the grounds that "Defendant Lillian Strong has benefited from preferential treatment thus far in this civil action." Second Motion for Recusal at 1, 8. Plaintiff asserts that Defendant Strong's Counterclaim did not comply with some Federal Rules of Civil Procedure, and while the Court has ordered Plaintiff to correct his similar deficiencies, the Court "has afforded extraordinary latitude to Mrs. Strong's deficient and frivolous filing" and has not given Defendant Strong's Counterclaim "judicial scrutiny." Second Motion for Recusal at 1-2.

Plaintiff also argues that both of his motions to dismiss Defendant Strong's Counterclaim "have been unaddressed."[1] The Court denied Plaintiff's motions to dismiss in an Order entered the day after Plaintiff filed his Second Motion for Recusal. *See* Order, Doc. 37, filed October 16, 2024.

Finally, Plaintiff also cites the Orders of United States Magistrate Judge John F. Robbenhaar in this case which Plaintiff indicates are erroneous and suggest the appearance of bias. *See* Second Motion for Recusal at 5-7. Plaintiff did not timely object to Judge Robbenhaar's Orders. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."); *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) ("Adverse rulings alone do not demonstrate judicial bias").

The Court denies Plaintiff's Second Motion for Recusal. The Court proceeds according to the Federal and Local Rules of Procedure and Tenth Circuit precedent. *See Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of

---

[1] Plaintiff refers to his Motion to dismiss Counterclaim, Doc. 24, filed August 30, 2024, and his Amended Motion to dismiss Counterclaim, Doc. 25, filed August 31, 2024.

Civil Procedure have the force and effect of a federal statute"); *United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit"). The Court has an obligation to secure the just, speedy, and inexpensive determination of every action and has the authority to manage this case for the expeditious resolution of this case in an orderly manner. *See* Fed. R. Civ. P. 1; *Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)). Plaintiff's dissatisfaction with how the Court is managing this case does not relieve the Court of its obligation to secure the just, speedy and inexpensive determination of this action.

> Plaintiff's Third Motion for Recusal:
>
> seeks the intervention of the Honorable Chief Judge William P. Johnson and his prompt recusal of all judiciaries employed within the Albuquerque Courthouse of the U.S. District Court of New Mexico, and reassignment of this case, away from the similarly conflicted and interested parties comprised of the clerical and other officers of that same courthouse, to a new venue where no conflict exists. This request is not inclusive of the Unite[d] States Circuit Court Judge Joel M. Carson III who presides in Colorado.

Third Motion for Recusal at 12. Plaintiff contends there is an appearance of bias because Defendant Strong "has benefited from preferential treatment thus far in this civil action" and that "[t]his bias appears to be rooted in her joint tortfeasor's status and [Fernando Solano] a coworker of the presiding Honorable Judge Robbenhaar." Third Motion for Recusal at 2-3 (stating "The Honorable Judge Joel M. Carson III is not likely to have a relationship with Fernando Solano, although the appearance of bias does continue to exist through Judge Carson's Order, the Plaintiff is, [sic] willing to overlook this disparity, after His Honor corrects the appearance of bias"). Plaintiff also reasserts that Judge Robbenhaar's Orders give rise to an appearance of bias.

4

The Court denies Plaintiff's Third Motion for Recusal. Plaintiff has not requested that the undersigned recuse. *See* Third Motion for Recusal at 12 (stating "[t]his request is not inclusive of Unite[d] States Circuit Court Judge Joel M. Carson III who presides in Colorado"). Plaintiff's request that all United States Judges in Albuquerque, and potentially in Las Cruces, is without merit because, with the exception of Judge Robbenhaar, none of the United States Judges in Albuquerque or Las Cruces has been assigned to this case. *See Recuse*, Black's Law Dictionary (12th ed. 2024) ("To remove (oneself) as a judge in a particular case because of a disqualification such as prejudice or conflict of interest"). After reviewing Plaintiff's First Motion for Recusal, Judge Robbenhaar stated he "has reviewed the Second Amended Complaint and has found no basis warranting his recusal from this case." Order to Show Cause at 7-8, Doc. 32, filed September 24, 2024. Plaintiff did not timely object to Judge Robbenhaar's finding that there is no basis warranting his recusal. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.").

**Plaintiff's Motion for Sanctions**

Plaintiff seeks sanctions pursuant to Rule 11(c)(2)(4) of the Federal Rules of Civil Procedure on the grounds that Defendant Strong's Counterclaim violated Rules 10 and 11 of the Federal Rules of Civil Procedure because: (i) the title of the Answer and Counterclaim did not name all the parties; (ii) the claims and defenses were not stated in numbered paragraphs; (iii) the Answer and Counterclaim did not contain Defendant Strong's address, e-mail address and telephone number; (iv) the Answer and Counterclaim is presented for an improper purpose, the legal contentions are not warranted by existing law, the factual contentions do not have evidentiary support, and the denials of factual contentions are not warranted on the evidence; (v) the Court

5

lacks subject-matter jurisdiction over the Counterclaim; and (vi) the Counterclaim fails to state a claim upon which relief can be granted. *See* Motion for Sanctions at 2-3.

Plaintiff requests that the Court impose the following sanctions:

(i) dismiss the Counterclaim with prejudice;

(ii) fine Defendant $5,000 to be paid to the Court;

(iii) fine Defendant $50,000 to be paid to Plaintiff.

Motion for Sanctions at 3.

A sanction imposed under Rule 11(c) "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The Court may consider the following when determining whether to impose a sanction or what sanctions would be appropriate:

Whether the improper conduct was willful, or negligent;

whether it was part of a pattern of activity, or an isolated event;

whether it infected the entire pleading, or only one particular count or defense;

whether the person has engaged in similar conduct in other litigation;

whether it was intended to injure;

what effect it had on the litigation process in time or expense;

whether the responsible person is trained in the law;

what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case;

what amount is needed to deter similar activity by other litigants.

Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment.

> The court has available a variety of possible sanctions to impose for violations, such as striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other educational programs; ordering a fine

6

payable to the court; referring the matter to disciplinary authorities (or, in the case of government attorneys, to the Attorney General, Inspector General, or agency head), etc.

Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment.

Defendant Strong's Answer and Counterclaim did not comply with Rule 10(a)'s requirement that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Defendant Strong's omission of the Judicial Defendants' names has not had a significant effect on the judicial process of this case in time or expense because Plaintiff subsequently filed a Second Amended Complaint and later a Third Amended Complaint, both of which did not assert claims against the Judicial Defendants. *See* Doc. 22 (Second Amended Complaint filed four days after the Counterclaim); Doc. 34 (Third Amended Complaint filed a month and a half after the Counterclaim).

Defendant Strong's Answer and Counterclaim did not comply with Rule 10(b)'s requirement that "[a] party must state its claims or defenses in numbered paragraphs." Fed. R. Civ. P. 10(b). Plaintiff's 143-page original Complaint did not state Plaintiff's claims in numbered paragraphs. *See* Doc. 1, filed May 20, 2024. The Court did not sanction Plaintiff for the un-numbered paragraphs in his Complaint; instead the Court ordered Plaintiff to file an amended complaint and notified Plaintiff of Rule 10(b)'s requirement for numbered paragraphs. *See* Order for Amended Complaint at 2, Doc. 5, filed May 22, 2024.

The Court finds that an admonition is an appropriate sanction because: (i) Defendant Strong is proceeding *pro se*; and (ii) the Rule 10 violations had a minimal effect on this case.

The Court grants Plaintiff's Motion for Sanctions in part and admonishes Defendant Strong that it is her responsibility to become familiar with and to comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Mexico.

7

*See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

**Third Amended Complaint**

Judge Robbenhaar notified Plaintiff of some deficiencies in the Second Amended Complaint and ordered Plaintiff to show cause why the Court should not dismiss Plaintiff's claims. *See* Order to Show Cause at 9, Doc. 32, filed September 24, 2024. The Second Amended Complaint alleged Defendant Strong, a private individual, was acting under color of state law because she conspired with the judges and employees of the Second and Third Judicial Districts. *See* Second Amended Complaint at 2-4, ¶¶ 1, 3, 6-10. Judge Robbenhaar explained that the Second Amended Complaint failed to state a claim pursuant to Section 1983 against Defendant Strong because:

> it does not contain factual allegations showing that Defendant and the judges and employees of the Second and Third Judicial Districts agreed to and took concerted action to deprive Plaintiff of his civil rights. *See Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022) (To state a Section 1983 conspiracy claim, a plaintiff has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal") among defendants"); *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010) ("while we have said allegations of a conspiracy may form the basis of a § 1983 claim, we have also held a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants" because [c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim") (quotation marks omitted). While the allegations describing the actions of the Defendant and the judges and employees of the Second and Third Judicial Districts in the state court proceedings may be consistent with a conspiracy, those allegations, without specific allegations regarding an agreement and concerted action, are not sufficient to state a plausible conspiracy claim. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (to state a plausible claim "Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))").

Order to Show Cause at 4.  Judge Robbenhaar ordered Plaintiff to file a third amended complaint.  *See* Order to Show Cause at 9

Plaintiff's Third Amended Complaint fails to state a plausible conspiracy claim pursuant to 42 U.S.C. § 1983.  *See* Third Amended Cause of Action for Violation of Due Process and Equal Protection under 42 U.S.C. § 1983, Doc. 34, filed October 14, 2024 ("Third Amended Complaint").  Despite Judge Robbenhaar's explanation of the allegations necessary to state a plausible Section 1983 conspiracy claim, the Third Amended Complaint does not allege specific facts showing an agreement and concerted action among Defendant Strong and the judicial officers to deprive Plaintiff of his civil rights.  Plaintiff describes the actions of several judicial officers, alleges that many of those actions were erroneous, and states that those actions violated Plaintiff's civil rights and "benefitted" or "aided and abetted" Defendant Strong.  *See*, *for example*, Third Amended Complaint, ¶¶ 19, 21-22, 25, 27, 29, 33, 40, 42, 46-48, 51, 53, 62, 68, 78, 81, 87, 93, 99, 109, 115, 119-120.  Plaintiff's statements that Defendant Strong benefitted from the alleged misconduct of the judicial officers may be consistent with a conspiracy, but those statements, without specific allegations showing an agreement and concerted action, are not sufficient to state a plausible conspiracy claim.

Plaintiff also alleges that:

> On **08/23/24** in bad faith Lillian Strong filed a noncompliant, <u>frivolous, malicious and libelous lawsuit in U.S. District court under the color of law and with the assistance [Clerk of Court for the District of New Mexico] Mitchell R. Elfers in violation of Fed. R. Civ. P. 10(a)(b)1(a); 11(b)(1),(2),(3),(4)(2),(3),(4); 12(b)(1), (b)(6); `11(c)(2)</u> against Jason Pollak, for the purposes of harassment, delay, embarrassment, theft of $23,000 and the deprivation of the 14th Amendment rights of the Plaintiff to protection of the laws and due process of law.

Third Amended Complaint at 37, ¶ 146 (emphasis in original).  Plaintiff's statement that Clerk of Court Mitchell R. Elfers "assist[ed]" Defendant Strong warrants clarification by the Court.  The

9

Clerk of Court for the District of New Mexico oversees the operations and functions of the Clerk's Office and is obligated to enter and record all documents filed by parties. *See* 28 U.S.C. § 951, Oath of office of clerks and deputies. Any implication that Clerk of Court Mitchell R. Elfers assisted Defendant Strong in depriving Plaintiff of his civil rights is misplaced. The determination of the merits of any filed documents rests with the Court, not with the Clerk of Court.

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting *Curley v. Perry,* 246 F.3d 1278, 1281 (10th Cir. 2001)).

The Court dismisses Plaintiff's Third Amended Complaint for failure to state a claim with prejudice. Dismissal of the Third Amended Complaint with prejudice is appropriate because the Third Amended Complaint fails to state a claim and granting Plaintiff leave to file a fourth amended complaint would be futile. *See Tucker v. United States Court of Appeals for the Tenth Circuit*, 815 Fed.Appx. 292, 295 n.3 (10th Cir. 2020) (citing *Curley v. Perry*, 246 F.3d 1278, 1282-83 (10th Cir. 2001) (affirming dismissal with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 12(b)(6) when no amendment could cure the complaint's defect)). Judge Robbenhaar notified Plaintiff that the Second Amended Complaint failed to state a conspiracy claim pursuant to 42 U.S.C. § 1983 against Defendant Strong, explained the allegations necessary to state a conspiracy claim pursuant to 42 U.S.C. § 1983, and gave Plaintiff an opportunity to amend.

10

Plaintiff's Third Amended Complaint fails to state a plausible conspiracy claim pursuant to 42 U.S.C. § 1983 against Defendant Strong.

**Plaintiff's Second Motion to Dismiss Defendant Strong's Counterclaim**

Defendant Strong filed a Counterclaim with her Answer to Plaintiff's First Amended Complaint.  *See* Doc. 20 at 6-10, filed August 23, 2024.  Defendant Strong alleges Plaintiff is a racist, has been stalking and harassing Defendant Strong, and has posted videos and private information of Defendant Strong and her children on social media.

Plaintiff asks the Court to dismiss Defendant Strong's Counterclaim with prejudice for failure to state a claim.  *See* Second Motion to Dismiss with Prejudice Lillian Strong's Frivolous Counterclaim, Doc. 38, filed October 23, 2024 ("Second Motion to Dismiss Counterclaim").  Plaintiff states he "was accused of violating no federal law" in the Counterclaim.  Second Motion to Dismiss Counterclaim at 2.

The Court agrees that the Counterclaim does not state a claim upon which relief can be granted pursuant to federal law.  Defendant Strong has not filed a response to Plaintiff's Second Motion to Dismiss her Counterclaim and has not filed an answer to Plaintiff's Second Amended Complaint or Plaintiff's Third Amended Complaint.

The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over any state law claims Defendant Strong may be asserting and dismisses this case.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of

dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

Plaintiff's Motion to Remedy the Appearance of Bias due to Judicial Conflict of Interest, Doc. 35, filed October 15, is **DENIED.**

Plaintiff's Motion for Chief Judge William P. Johnson's Recusal of All New Mexico District Court Judges in Albuquerque's Courthouse, Doc. 39, filed October 25, 2024, is **DENIED.**

Plaintiff's Motion for Sanctions for Frivolous Counter-Claim, Pursuant to Fed. R. Civ. P. 11(c)(2)(4) for Numerous Violations of Fed. R. Civ. P., Doc. 36, filed October 15, 2024, is **GRANTED in part.** The Court admonishes Defendant Strong that it is her responsibility to become familiar with and to comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Mexico. The Court **DENIES** Plaintiff's Motion for monetary sanctions.

Plaintiff's Motion to Dismiss with Prejudice Lillian Strong's Frivolous Counterclaim, Doc. 38, filed October 23, 2024, is **GRANTED in part.** The Court declines to exercise supplemental jurisdiction over Defendant's state law claims, and dismisses Defendant's state law claims without prejudice.

This case is **DISMISSED** as follows: (i) Plaintiff's Third Amended Complaint is dismissed with prejudice; (ii) Defendant Strong's Counterclaim is dismissed without prejudice.

**IT IS SO ORDERED.**

> **/s/ Joel M. Carson III**
> **JOEL M. CARSON III**
> **UNITED STATES CIRCUIT JUDGE**
> **Sitting by Designation**