IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON POLLAK,

      Plaintiff,

v.                                                                 No. 1:24-cv-00494-JMC-JFR

LILLIAN MCKENZIE STRONG,

      Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion to Alter or Amend Memorandum Opinion and Order and Final Judgement, Doc. 46, filed December 5, 2024 ("Motion").

This case arose from proceedings in state court. The original Complaint and the Amended Complaint named three Defendants: (i) Lillian Strong; (ii) the Second Judicial District Court, Bernalillo County, State of New Mexico; and (iii) the Third Judicial District Court, Dona Ana County, State of New Mexico. *See* Doc. 1, filed May 20, 2024; Doc. 6, filed June 6, 2024. The Second Judicial District Court and the Third Judicial District Court are the "Court Defendants." The Court granted Plaintiff's and the Court Defendants' Stipulation for Dismissal of Court Defendants, Doc. 40, filed November 8, 2024, and dismissed with prejudice "all claims asserted by Plaintiff against Court Defendants." Doc. 41, filed November 8, 2024. Consequently, Lillian Strong is the sole Defendant remaining in this case.

Plaintiff's Second Amended Complaint alleged Defendant Strong, a private individual, acted under color of state law because she conspired with the judges and employees of the Second and Third Judicial Districts. *See* Second Amended Complaint at 2-4, ¶¶ 1, 3, 6-10.

United States Magistrate Judge John F. Robbenhaar notified Plaintiff that the Second Amended Complaint failed to state a Section 1983 conspiracy claim because it did not contain factual allegations showing that Defendant and the judges and employees of the Second and Third Judicial Districts agreed to and took concerted action to deprive Plaintiff of his civil rights. *See* Order to Show Cause at 4, 9, Doc. 32, filed September 24, 2024 (ordering Plaintiff to file a third amended complaint). Plaintiff subsequently filed his Third Amended Complaint. *See* Third Amended Cause of Action for Violation of Due Process and Equal Protection under 42 U.S.C. § 1983, Doc. 34, filed October 14, 2024 ("Third Amended Complaint").

The Third Amended Complaint asserts claims pursuant to Section 1983 against Lillian Strong who is a private individual. *See* Third Amended Complaint at 1-2. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).

There are four tests for determining whether a private person is a state actor pursuant to Section 1983:

> "Where a litigant seeks to hold a private actor accountable as a state actor for constitutional deprivations, we have applied various analyses and referred to them as the 'nexus test,'[1] the 'public function test,'[2] the 'joint action test,'[3] and the 'symbiotic relationship test.'"[4] *Wittner v. Banner Health*, 720 F.3d 770, 775 (10th

---

[1] "Under the nexus test, a plaintiff must demonstrate that 'there is a sufficiently close nexus' between the government and the challenged conduct such that the conduct 'may be fairly treated as that of the State itself.'" *Fowler v. Stitt*, 104 F.4th 770, 798 (10th Cir. 2024).

[2] The public function test asks "whether the private entity exercises 'powers traditionally exclusively reserved to the State.'" *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

[3] One way to satisfy the joint action test is to demonstrate that the public and private actors engaged in a conspiracy by showing that both public and private actors share a common, unconstitutional goal, reached an agreement and took concerted action to advance that goal. *Barnett v. Hall, Estill, Hardwick,, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1235-36 (10th Cir. 2020).

[4] The symbiotic relationship test asks "whether the state has 'so far insinuated itself into a position of interdependence' with the private party that there is a 'symbiotic relationship' between them."

Cir. 2013). At the heart of each test is "whether the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Wasatch Equal. v. Alta Ski Lifts Co.*, 820 F.3d 381, 387 (10th Cir. 2016) (internal quotation marks omitted).

*Barnett v. Hall, Estill, Hardwick,, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1235-36 (10th Cir. 2020).

The Court dismissed this case stating Plaintiff's Third Amended Complaint fails to state a plausible conspiracy claim pursuant to 42 U.S.C. § 1983 because it does not allege specific facts showing an agreement and concerted action among Defendant Strong and the judicial officers to deprive Plaintiff of his civil rights. *See* Mem. Op. and Order at 9, Doc. 43, filed November 25, 2024.

Plaintiff now asks the Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend its Order and Judgment dismissing this case, to reconsider "3 other motions," and to "grant[] remedies to repeated deprivation of civil rights *directly cause by the misdeeds of the Defendant under the color of law bestowed upon her by Court and Law officers, in violation of 42 U.S.C. § 1983*." Motion at 1 (emphasis in original).

> No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment. *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992). Rule 59(e) relief is available in limited circumstances, including "(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

*Hayes Family Trust v. State Farm Fire & Casualty Co.*, 845 F.3d 997, 1004 (10th Cir. 2017).

---

*Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016) (quoting *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (1995)).

3

Plaintiff contends the Court erred in dismissing this case because: "*No conspiracy agreement was ever alleged in the 3rd Amended Complaint, nor needing to be proven*" and "**The argument of 'conspiracy' was A). never made by the Plaintiff in his 3rd Amended Complaint, and B). not at all required in a claim against a private individual acting under the color of law in a 1983 claim.**" Motion at 1-5 (emphasis in original).

The Court did not err in liberally construing *pro se* Plaintiff's Third Amended Complaint as asserting a Section 1983 conspiracy claim. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (requiring that *pro se* pleadings be liberally construed). There are numerous allegations in the Third Amended Complaint indicating that Plaintiff was asserting a Section 1983 conspiracy claim. *See* Third Amended Complaint at 1, ¶ 1 (alleging "a civil cause of action for the injuries and damages caused by repeated and continuous deprivation of civil rights; *directly caused by the misdeeds of the Defendant under the color of law in concert with State and Court officers*") (emphasis in original); at 2, ¶ 3 (stating Defendant "was provided the critical cooperation of the employees of the Second Judicial District Court [the "SJDC"] and other State officers, whom instead of performing their official duties at the State level; facilitated the corruption of the judicial process, in order to deprive the Plaintiff of his civil rights and to cover up their own misdeeds"); at 3, ¶ 7 ("Lillian Strong is the sole party of the Defense. All court and all other state officers, acted in service of the Defendant, under the color law, as unindicted joint tortfeasors"); at 3, ¶ 9 ("With cooperation from 3 New Mexico courts, various prosecutors and state law enforcement officers, [Defendant] et al., wielded the authority of the state and federal governments as weapons of civil rights deprivation . . . Various officers of the state, acted . . . in concert together with [Defendant] as joint tortfeasors to deprive [Plaintiff of his civil rights");" at 4, ¶ 11 ("The state's various law enforcement and court officers acted on behalf of the Defendant"); at 10, ¶ 35 (stating

a state court judge "acted at the behest of [Defendant], in benefit of [Defendant], in concert with [Defendant] and provided [Defendant] authority under color of law, to violate Title 42 U.S.C. § 1983"); at 14, ¶ 49 (stating a state court judge "aided the Defendant in directly violating the Plaintiff's right of due process and protection of the laws, and Title 42 U.S.C. § 1983"); at 20, ¶ 72 (stating "Lillian Strong signed the untitled motion with a fake name and a blank address, in order to prompt her *coconspirators* to injure the Plaintiff. Which they subsequently did") (emphasis added). Despite stating that he never made a conspiracy argument in the Third Amended Complaint, *see* Motion at 5, Plaintiff later states:

> **The nonparty joint tortfeasors' allowance, failure to stop, "aiding and abetting" and cooperative physical presence at various times alongside the Defendant, suffice to prove conspiracy under the law.** Not that [Plaintiff] needed to prove this, but he did so nonetheless.

Motion at 10 (emphasis in original).

Plaintiff cites *Hall v. Garson*, 430 F.2d 430 (5th Cir. 1970), to support his argument that a private person can act under color of state law in the absence of a conspiracy. *See* Motion at 11-12. Plaintiff argues that *Hall v. Garson*:

> extends a federal cause of action under 42 U.S.C. § 1983 to Plaintiffs who are deprived of their civil rights by private persons, that is, those not employed by federal, state, or municipal governments. **Furthermore, such private person need not have acted in concert with a government employee in order to be subject to liability.** Strong, just like Hall used courts, laws, and the color of law without any conspiracy needing to be proven.

Motion at 12 (emphasis in original).

Plaintiff's reliance on *Hall v. Garson* is misplaced. *Hall v. Garson* involved a landlord seizing a tenant's television pursuant to a state statute which gives a landlord a lien on personal goods of tenants in rented premises for past-due rents and gives the landlord authority to enforce the lien by peremptory seizure of the property without any prior judicial procedure to determine

5

the validity of the claim for past-due debts. *See Hall v. Garson*, 430 F.2d at 432-33. The Fifth Circuit concluded that "the entry into another's home and the seizure of another's property, was an act that possesses many, if not all, of the characteristics of an act of the State" and thus the statute "vests in the landlord and his agents authority that is normally exercised by the state and historically has been a state function" thereby meeting the state action requirement. *Hall v. Garson*, 430 F.2d at 439-40.

Here, Plaintiff alleges that Defendant Strong violated his civil rights by filing documents in state court and obtaining favorable results which Plaintiff alleges violate his civil rights. The Third Amended Complaint does not allege that Defendant Strong "exercis[ed] 'powers traditionally exclusively reserved to the State.'" *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). "A private individual does not engage in state action simply by availing herself of a state procedure." *Silva v. U.S. Bank*, 817 F. App'x 545, 550 (10th Cir. 2020) (quoting *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Barnett v. Hall, Estill, Hardwick,, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1235-36 (10th Cir. 2020) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

Nor does the Third Amended Complaint allege facts showing:

". . . that 'there is a sufficiently close nexus' between the government and the challenged conduct such that the conduct 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)). This requirement ensures "that constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). A state "normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id.*

*Fowler v. Stitt*, 104 F.4th 770, 798 (10th Cir. 2024). "'[T]he mere acquiescence of a state official in the actions of a private party is not sufficient' to state a § 1983 claim." *Silva v. U.S. Bank*, 817 F. App'x 545, 550 (10th Cir. 2020) (quoting *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir. 1995)).

The Court denies Plaintiff's Motion to amend or alter its Order and Judgment dismissing this case because the Third Amended Complaint does not contain sufficient allegations that Defendant Strong was acting under color of state law.

Plaintiff also "requests the alteration or amendment of . . . three[5] other motions and requests the granting of remedies to repeated deprivation of civil rights directly cause by the misdeeds of the Defendant under the color of law bestowed upon her by Court and Law officers in violation of 42U.S.C. § 1983." Motion at 1. Plaintiff seeks reconsideration of the Court's denial of Plaintiff's motions for recusal, sanctions and for dismissal of Defendant Strong's counterclaim. *See* Motion at 15. The Court denies Plaintiff's requests to reconsider his motions and to grant remedies because the Court has dismissed this case and is denying Plaintiff's Motion to alter or amend the dismissal.

Finally, Plaintiff notes the Order dismissing this case incorrectly states Plaintiff is proceeding *in forma pauperis*. *See* Motion at 3. Plaintiff has paid the filing fee. *See* Doc. 4, filed May 20, 2024. The Court amends the Order dismissing this case to remove the paragraph stating Plaintiff is proceeding *in forma pauperis*. *See* Order of Dismissal at 10.

---

[5] The Court denied four motions by Plaintiff: (i) Motion to Remedy the Appearance of Bias due to Judicial Conflict of Interest, Doc. 35, filed October 15, 2024 ("Second Motion for Recusal"); (ii) Motion for Sanctions for Frivolous Counter-Claim, Pursuant to Fed. R. Civ. P. 11(c)(2)(4) for Numerous Violations of Fed. R. Civ. P., Doc. 36, filed October 15, 2024 ("Motion for Sanctions"); (iii) Motion to Dismiss with Prejudice Lillian Strong's Frivolous Counterclaim, Doc. 38, filed October 23, 2024 ("Motion to Dismiss Counterclaim"); and (iv) Motion for Chief Judge William P. Johnson's Recusal of All New Mexico District Court Judges in Albuquerque's Courthouse, Doc. 39, filed October 25, 2024 ("Third Motion for Recusal").

**IT IS ORDERED** that Plaintiff's Motion to Alter or Amend Memorandum Opinion and Order and Final Judgement, Doc. 46, filed December 5, 2024, is **DENIED.**  The Court also denies Plaintiff's request to reconsider the motions denied in the Order dismissing this case and Plaintiff's request to award damages to Plaintiff.  The Court amends the Order dismissing this case to remove the paragraph stating Plaintiff is proceeding *in forma pauperis*.

/s/ Joel M. Carson III
**JOEL M. CARSON III**
**UNITED STATES CIRCUIT JUDGE**
**Sitting by Designation**